## 1Richmond.

CITY OF NEWPORT NEWS v. BROWN.

DECEMBER 3, 1903.

Absent, Buchanan, J.*

1. NEWPORT NEWS—*Fees of Police Justice.*—Under the provisions of the
   charter of the city of Newport News, fixing the salary of the police
   justice at a sum not exceeding twelve hundred dollars *per annum*,
   and declaring that "he shall receive no other compensation or
   emolument from the city of Newport News, nor any compensation
   or emolument from any other source whatever, except such fees
   and compensation as is allowed by the general laws of the State
   to justices of the peace for issuing and trying criminal warrants;
   provided, however, that such fees and compensation shall not be
   a charge either upon the State or city treasury," the police justice
   cannot recover from the city the amount of fees taxed by him
   against defendants convicted of violations of ordinances of the
   city, and which have been paid by said defendants to the chief of
   police, and turned into the city treasury in pursuance of city
   ordinances.

Error to a judgment rendered by the Corporation Court of
the city of Newport News in an action of trespass on the case
in *assumpsit,* wherein the defendant in error was the plaintiff,
and the plaintiff in error was the defendant.

*Reversed.*

The object of this action was to recover of the city of Newport
News the sum of $1,890.00 for justices' costs taxed in 1,890
cases tried by the Police Justice for violation of city ordinances,

*Judge Buchanan was detained at home by sickness.

which fees had been paid by the defendants in the judgments to the chief of police, and turned into the city treasury by him. Most of the facts in the case were agreed between counsel. The facts agreed and the provisions of the city charter bearing on the case are as follows:

## Agreed Statement of Facts.

"The parties to the above-entitled action, by their attorneys, agree for the purposes of this suit that J. D. G. Brown, the plaintiff herein, was, on the 14th day of February, 1901, a police justice of the city of Newport News, Virginia, the defendant herein, duly elected and qualified; that the term of office for which he was elected and then serving expired on July 31, 1902, that he was re-elected and qualified in July, 1902, for a term of two years, beginning August 1, 1902; that he has legally held the said office of police justice of said city from the 14th day of February, 1901, to the present time.

## II.

"That the itemized account filed with the declaration in this action is for issuing summonses to persons to answer for violation of city ordinances only, and trying the same; some of which offences were likewise offences under the State law.

## III.

"That the said Brown received from the city until the 1st day of December, 1900, $1,000 per year, and since that date $1,200 per year, and does now receive $1,200 per year as salary for his services as police justice of said city.

## IV.

"That the said Brown did not, until the passage of the act of February 14, 1901, receive any fees for issuing and trying warrants for offences against the State law, but since the passage of the act he has been receiving from persons fined under the State law $1.00 for each warrant so issued and tried, where the person charged with the offence was convicted and fined, and the costs paid by the person so fined.

## V.

"That the said Brown has been police justice of said city since its incorporation, and during all that time all fines and costs imposed in the Police Court and collected by the chief of police for violation of city ordinances were paid weekly to the treasurer of said city, and he (Brown) endorsed his approval on the report of such fines and costs made by the chief of police to the city auditor and payment to the city treasurer; that he (Brown) asserted no claim to any part of such costs until the 7th day of October, 1902.

## VI.

"That the several sums of money specified in the account, aggregating the sum of $1,890.00, were collected and received in money from the several parties named therein by the chief of police of said city, and were paid by him in money weekly to the treasurer of said city between the 14th day of February, 1901, and the 7th day of October, 1902, and that no part of said sum of $1,890 was collected by him from the said city or State of Virginia.

## VII.

"That request was made upon the city of Newport News by J. D. G. Brown for the payment of said sum of $1,890 on

the 7th day of October, 1902, and no claim had been asserted or payment demanded by him of said city for the said sum or any part thereof prior to the said last-mentioned date.

## VIII.

"That some of the summons set out in the account filed with the declaration were issued and tried by various justices of the peace frequently and acting as police justice as the law directs during the absence or inability of said Brown; and no claim or demand has ever been made by such justice of the peace either against the city or said Brown for any fees for issuing and trying the summons so issued and tried by them.

"That the said city has not paid the said claim or any part thereof to said Brown, but has refused and still refuses to pay to him the said amount or any part thereof.

## X.

"That all ordinances of the city of Newport News and acts of the General Assembly of Virginia bearing upon the case may be considered as introduced in evidence.

## IX.

"That it is agreed between the parties to this suit that the foregoing statements are facts upon which this case is to be tried, and are to be accepted upon the trial of this cause as such by the court and to be considered of the same effect as if they had been established by testimony of witnesses in open court, and that in addition thereto either party may introduce and have the benefit of any legal evidence tending to sustain the issue on his part."

## City Charter.

"Section 63.—Police Justice.—The police justice shall possess all the jurisdiction and exercise all the power and authority in criminal cases of a justice of the peace for said city; but he shall receive no fees for services as such police justice. He shall also try all violations of the city ordinances and inflict such punishment as may be prescribed for a violation of the same. He shall keep his office and court at the place prescribed by the Council daily, except Sundays, and if, from any cause he shall be unable to act, the mayor shall appoint one of the justices of the peace of said city to discharge the duties of the police justice prescribed herein, during such inability, and who shall be paid for such service by the police justice at the same rate per diem as such police justice receives. From any decision of the police justice affecting the legality or validity of any ordinance passed by the Council, the city shall have the right to an appeal to the Hustings Court of said city.

"Section 64.—The police justice shall keep a regular account of all fines, forfeitures and costs imposed or arising in the administration of his office, which he shall report weekly to the auditor. The chief of police shall collect such fines, forfeitures and costs, and report the same weekly to the auditor, and pay the same weekly to the treasurer.

"Section 65.—(As amended by act approved February 27, 1900.) The police justice shall receive such salary as shall be fixed by the Council, not exceeding ($1,200.00) twelve hundred dollars *per annum,* and he shall receive no compensation or emoluments whatever, and his salary shall not be diminished during his term of office."

Section 65 was on the 14th day of February, 1901, amended so as to read as follows:

"Section 65.—The police justice shall receive such a salary as shall be fixed by the Council, not exceeding twelve hundred

dollars ($1,200.00) *per annum,* and he shall receive no other compensation or emolument from the city of Newport News, nor any compensation or emolument from any source whatsoever, except such fees and compensation as is allowed by the general laws of the State to justices of the peace for issuing and trying criminal warrants; provided, however, that such fees and compensation shall not be a charge either upon the State or city treasury."

*J. A. Massie,* for the plaintiff in error.

*John W. Friend* and *Moss & Gilkerson,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

By an act approved February 14, 1901, amending section 65 of the charter of the city of Newport News, it is provided, that "the police justice shall receive such salary as shall be fixed by the Council, not exceeding twelve hundred dollars *per annum,* and he shall receive no other compensation or emoluments from the city of Newport News, nor any compensation or emoluments from any other source whatsoever, except such fees and compensation as is allowed by the general laws of the State to justices of the peace for issuing and trying criminal warrants; provided, however, that such fees and compensation shall not be a charge either upon the State or city treasury." (Acts 1901, p. 160.)

Brown, the defendant in error, was, at the date of the passage of this act, and had been for some time previous thereto, the police justice of the city of Newport News. Between the 14th of February, 1901, and October 7, 1902, as police justice, he tried 1,890 warrants for violation of city ordinances, and on the latter date presented his bill and demanded payment of the sum of $1,890.00, claiming that it was due him by virtue

of the Act of Assembly just quoted. The city refused payment, and thereupon he instituted suit in the Corporation Court, which rendered a judgment in his favor for the whole amount of his demand. To this judgment the city of Newport News obtained a writ of error.

The police justice tries warrants issued for violation of the laws of the Commonwealth as well as the ordinances of the city, and under the general laws of the State is entitled to compensation of fifty cents for issuing and fifty cents for trying each warrant issued for violation of the State laws. That he is entitled to this compensation as against the State is not here called in question, and it is conceded that it has been received by him. His claim is that the provision of the statute which declares that he shall receive $1,200 *per annum,* and that "he shall receive no other compensation or emolument from the city of Newport News, nor any compensation or emolument from any other source whatsoever, except such fees and compensation as is allowed by the general laws of the State to justices of the peace for issuing and trying criminal warrants," entitles him to demand of the city of Newport News the same compensation for the trial of warrants issued for violations of city ordinances as is allowed by the general laws of the State to justices of the peace for issuing and trying criminal warrants in the name of the State. This view he succeeded in maintaining before the Corporation Court, but we are of opinion that the act in question does not admit of that interpretation. It fixes a salary and declares that the police justice "shall receive no other compensation or emoluments from the city of Newport News, nor any compensation or emoluments from any other source whatsoever, except such fees and compensation as is allowed by the general laws of the State to justices of the peace for issuing and trying criminal warrants." If the statute had stopped at the word "whatsoever," there can be no question but that the compensation would have been strictly limited to the salary

of twelve hundred dollars. The office of the exception which follows is to explain that which has gone before. So far as the city of Newport News is concerned, the compensation of the police justice for services rendered to it was definitely fixed at twelve hundred dollars *per annum.* Had the statute stopped there, no other compensation or emoluments could have been lawfully paid for any services to whomsoever rendered, and it was to exclude this conclusion and to give to the police justice compensation for services rendered to the State, which should be in addition to the salary granted by the city, that the exception was introduced. So that, by force of that exception, the police justice was entitled, for the trial of criminal warrants for violation of the laws of the State, to receive such fees and compensation as is allowed to justices of the peace for like services.

Nor do we think that the proviso, that "such fees and compensation shall not be a charge either upon the State or city treasury," was intended to have, or does have, the effect of so enlarging the operation of the previous provisions of the statute as to render nugatory what appears to have been its leading object. It was proper, in order to protect the State treasury against any demand for services rendered, to declare that they should not constitute a charge upon the State, but that he should look to the defendant in the warrant as his only source of payment. It may have been out of abundant caution, and indeed it may have been unnecessary to couple the city treasury with that of the State in this proviso, but it cannot serve to so enlarge the operation of the section, taken as a whole, as to render it ineffectual both in letter and in spirit.

The judgment of the Corporation Court must be reversed, and this court proceeding to enter such judgment as that court should have entered, it is ordered that the action instituted by the defendant in error against the plaintiff in error be dismissed.

*Reversed.*